IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01751-LTB

TAMARA AIONA,

    Plaintiff,

v.

SOCIAL SECURITY DISABILITY,

    Defendant.

---

ORDER GRANTING MOTION TO RECONSIDER

---

    This matter is before the Court on Plaintiff's request, ECF No. 8, submitted on October 26, 2015, asking that the Court reopen this case. The Court must construe the request liberally because Plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the request as a Motion to Reconsider filed pursuant to Fed. R Civ. P. 60(b) and grant the Motion.

    On September 24, 2015, the Court dismissed the Complaint and action without prejudice pursuant to Fed. R. Civ P. 41(b) for failure to comply with the Court's August 18, 2015 Order Directing Plaintiff to File Amended Complaint. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should

be considered pursuant to Rule 60(b).  *See id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit effective set forth under Rule 59(e)).  This case was dismissed on September 24, 2015, and Plaintiff's request to reopen this action was filed on October 26, 2015, which is thirty-two days after the Court's Order of Dismissal was entered.  Therefore, the request is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  Upon consideration of the Motion and the entire file, the Court concludes that Plaintiff has demonstrated some reason why the Court should grant relief from the September 24, 2015 Order of Dismissal and Judgment in this action.

Plaintiff alleges that correspondence from the Court was inadvertently sent to her daughter's address instead of her P.O. box.  As a result, Plaintiff did not know she was required to comply with the Court's August 18, 2015 Order Directing Plaintiff to File Amended Complaint.  Accordingly, it is

ORDERED that Plaintiff's request to reopen the case, ECF No. 8, is GRANTED. It is

FURTHER ORDERED that the Order of Dismissal and the Judgment, both filed on September 24, 2015, are vacated.  It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the Pro Se Docket.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form at www.cod.uscourts.gov, along with instructions, for use in filing an amended

complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the Court's August 18, 2015 Order.  It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed, the Complaint and action will be dismissed without further notice.

DATED at Denver, Colorado, this 30th day of October, 2015.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court