IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01751-GPG

TAMARA AIONA,

    Plaintiff,

v.

SOCIAL SECURITY DISABILITY,

    Defendant.

ORDER OF DISMISSAL

Plaintiff, Tamara Aiona, acting *pro se*, initiated this action by filing a Complaint. In the original Complaint, Plaintiff did not assert any statutory basis for jurisdiction and did not include any claims; instead Plaintiff alleged in the background section of the Complaint that she was "filing an appeal for social security disability." (*See* ECF No. 1, at 2). As relief, Plaintiff sought "social security disability and any back money that might be due to me." (*Id.*, at 3).

Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) that was granted. On August 18, 2015, Magistrate Judge Gordon P. Gallagher entered an order finding that the Complaint was deficient and directing Plaintiff to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if

proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."

After Plaintiff failed to file an amended complaint within the time allowed, the Court dismissed the action without prejudice. (*See* ECF No. 6). On October 30, 2015, the Court construed Plaintiff's request to reopen the case as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b), granted the Motion, and vacated the order of dismissal. (*See* ECF No. 10). In the October 30 Order, the Court directed Plaintiff to file an amended complaint that complies with the pleading requirements of Rule 8 and the Court's August 18, 2015 Order.

Plaintiff filed an Amended Complaint on November 27, 2015. This time, Plaintiff states that she is "at the federal appeals level for my disability claim." (ECF No. 12, at 2). Plaintiff further asserts that "in my case not everything was considered by the original Judge. My knee, back, and foot doctor/surgeon had signed me off for a permanent disability." (*Id.*, at 3). Plaintiff, however, fails to assert any statutory authority for her claim and fails to state, as she was directed to do in the August 18 Order, when the Commissioner denied her claim for social security disability benefits, the reason her administrative claim for social security disability was denied, and why

she believes that decision was erroneous.  Rather than providing a short and plain statement of her claims, Plaintiff attaches a medical form from a doctor, dated October 26, 2015, regarding her musculoskeletal disorder.

Even if the Court finds proper jurisdiction for Plaintiff's claims pursuant to 42 U.S.C. § 405(g), based on Plaintiff's claim that jurisdiction is proper because she is "at the federal level of appeals for disability," she has failed to comply with Fed. R. Civ. P. 8, as she was directed to do in the August 18, 2015 Order.  Specifically, Plaintiff continues to fail to state the reason her administrative claim for social security disability was denied, when the claim was denied, and why she believes that decision was erroneous.  Therefore, the action will be dismissed without prejudice for failure to comply with a Court order.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 12) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with a Court order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

      FURTHER ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 11) is denied as moot because Plaintiff was granted leave to proceed without prepaying fees or costs on August 18, 2015.

      DATED at Denver, Colorado, this __2nd__ day of __December__, 2015.

                BY THE COURT:

                s/Lewis T. Babcock
                LEWIS T. BABCOCK, Senior Judge
                United States District Court